# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| ROSE, PAUL MARK ) | CHAPTER 7 |
| XXX-XX-6810 ) | CASE NO. 17-21000-JGR |
| ) | |
| _____ ) | |
| ) | |
| Robertson B. Cohen, Chapter 7 Trustee ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ROSE, PAUL MARK ) | ADV. CASE NO. 18-01293-JGR |
| ) | |
| Defendant(s). ) | |

## MOTION FOR DEFAULT JUDGMENT

The Plaintiff Chapter 7 Trustee, Robertson B Cohen for the Defendant's Chapter 7 Bankruptcy case, requests entry of a default judgment for revocation of Defendant's discharge, against Defendant and in support thereof states as follows:

1. Plaintiff filed his complaint in this matter seeking revocation of the Defendant's discharge on September 13, 2018.

2. A Summons was issued by the Clerk of the Court on September 13, 2018. The Summons was served on Defendant at the addresses identified in the Defendant's Voluntary petition, along with a copy of the Complaint and Notice to Litigants, by 1st class mail as shown at the Court's Docket entry #4.

3. The Summons shows that an Answer was due for Plaintiff's Complaint on October 15, 2018.

4. Defendant has failed to answer the Complaint or otherwise plead in this proceeding.

5. A Clerk's Entry of Default entered on October 18, 2018, docket entry number 6.

6. Attached is Plaintiff's affidavit in compliance with L.B.R. 7055-1(b).

7. Plaintiff is entitled to an Order and Judgment of revocation of the Defendant's bankruptcy discharge, the relief requested in Plaintiff's Complaint

**WHEREFORE**, for the foregoing reasons, the Plaintiff requests an Order and judgment by Default, revoking Defendant's bankruptcy discharge and for such other and further relief as the Court finds just and proper.

Dated this November 6, 2018.

                                            Respectfully submitted,

Robertson B. Cohen, Trustee
1720 S. Bellaire St; Ste 205
Denver, CO 80222
(303) 933-4529
trusteecohen@cohenlawyers.com

## CERTIFICATE OF SERVICE

The undersigned does certify that on November 6, 2018, a true and correct copy of the foregoing pleading was deposited in the U.S. mail, first class postage prepaid, addressed as follows:

| | |
|---|---|
| Paul Mark Rose<br>173 Conejos Ave<br>Antonito, CO 81120 | US Trustee,<br>Bryon G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294 |
| Shad L. Brown<br>70 E. Spaulding Ave., Ste. 2<br>Pueblo West, CO 81007 | |

                                            /s/ Beth Saville
                                            (Person Certifying Service)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| ROSE, PAUL MARK ) | CHAPTER 7 |
| XXX-XX-6810 ) | CASE NO. 17-21000-JGR |
| ) | |
| ) | |
| _____ ) | |
| ) | |
| Robertson B. Cohen, Chapter 7 Trustee ) | |
| ) | |
|     Plaintiff, ) | |
| vs. ) | |
| ) | |
| ROSE, PAUL MARK ) | ADV. CASE NO. 18-01293-JGR |
| ) | |
| ) | |
|     Defendant(s). ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR
## ENTRY DEFAULT JUDGMENT

COMES NOW, the Plaintiff herein, Robertson B. Cohen, who states under penalty of perjury, that the following as true and correct:

1. I am an attorney licensed to practice law in the State of Colorado, I am the Trustee duly appointed to administer this bankruptcy proceeding, and am acting *Pro Se* in this matter.

2. Upon information and belief, Defendant Meagan Reeves is not an infant or an incompetent person.

3. On November 6, 2018, I caused to be performed a search of the Department of Defense Manpower Data Center (DMDC). Upon searching the information data banks of the DMDC, the DMDC does not possess any information indicating that the Defendant is currently on active duty as to all branches of the Military. See Attached Department of Defense Statement indentified and incorporated hereto as **Exhibit A.**

4. The Defendant has not plead or otherwise defended this action, despite Plaintiff having served Defendant with the Summons and Complaint and Notice to Litigants via 1st class mail at the last known address 173 Conejos Ave, Antonito, CO

81120 as evidenced by the Certificate of Service which was filed with the Court on September 13, 2018.

    5.    It is respectfully submitted that the adversary complaint contains legally sufficient allegations to support the entry of a default judgment for revocation of the Defendant's bankruptcy Discharge, for the following reasons:

    a.    On April 25, 2018, I caused to be filed a Motion to Compel Turnover of $8,123.04 for nonexempt personal property and an Order was granted by the Court on May 17, 2018 (Docket No. 23).

    b.    To date I have not received said funds in the full amount.

    c.    Debtors have few obligations to the Court and the Trustee, but one such obligation is to comply with valid Court Orders. The failure of the Defendant to so comply with the Order constitutes grounds for the revocation of her discharge.

FURTHER AFFIANT SAITH NOT.

Dated: November 6, 2018

_____
Robertson B. Cohen, Plaintiff
Chapter 7 Trustee

The foregoing AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT was subscribed and acknowledged before me November 6, 2018 by Robertson B. Cohen.

City and County of Denver  )
                           ) ss.
State of Colorado          )

                                    _____
                                      Notary Public

My Commission expires: 9/18/2020

Beth Saville
Notary Public
State of Colorado
Notary ID 19934008330
My commission expires 09/18/2020

Department of Defense Manpower Data Center



## Status Report
### Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-6810 |
| Birth Date: | |
| Last Name: | ROSE |
| First Name: | PAUL |
| Middle Name: | MARK |
| Status As Of: | Nov-06-2018 |
| Certificate ID: | DX3V14Y1WH7J3YK |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

EXHIBIT A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

EXHIBIT A